The next case on the calendar is Gurvey v. Cowan, Liebowitz. Good morning, your honors, and thank you very, very much. This is a 12-year litigation, and the second time I'm before this court as a pro se litigant. The first time, I am a US patentee, and my patents are in use all over the state of New York and the city of New York. They are in the airports, the tablets that you see in the airports, all are my patents. They can be used for security at airports, for security in school systems. And they are content-based mobile ticketing operations with apparatuses. I am a graduate of the UCLA School of Law and the Harvard School of Public Health. I have a master's in molecular biology, and I am a contributor to women's breast cancer. I am responsible for getting the myriad patents for women for breast cancer. And I do a great deal of pro bono work between law and medicine. I'm a Rhodes Scholarship nominee in legal medical education. I am not a practicing lawyer, and I have never been a practicing lawyer. When I went to UCLA Law School, I was Michael Jackson's concert producer, and a producer for the three tenors. The practice of law in the state of California is markedly different than it is in New York. And I actually also have an ADA disability. I retired from the practice of law in California when I started my own software company, which was in 1997. In any respect, this is a very interesting case. And I will tell you that I went to a law firm, just very briefly, to protect my patents. They hired me from one year to do business development for them in entertainment technology. And I ended up being deprived of all my clients, my patents, my patent files, and my patents were actually inserted into a patent application of another client. And then I also lost my position in any regard. And the Second Circuit, in the first appeal that I won pro se, ordered discovery on the claims of breach of fiduciary duty and patent malpractice before the United States Patent Office. And also were particularly interested on page seven of its order that the Cowan, Liebowitz, and Lattman law firm admitted to a conflict of interest and filed a request to withdraw form that was never granted by the patent office. And the court, including Your Honor, Ms. Kearse, and Judge Cabranes, and Judge Zack, Grant ordered that I get discovery of my, because the case was dismissed sua sponte without any discovery. And when I originally opened the lawsuit, I had an attorney. And the attorney, the other clients were Clear Channel Live Nation and Instant Live Concerts, which were some of the clients that were using my trade secrets at the time that I, short, at the time I was, shortly after I was terminated by the Cowan firm after three months. In any respect, the order of the court on the first round was that the statute of limitations had expired on my misappropriation of trade secrets claim. And that Live Nation and Clear Channel, my attorney did not file a notice appeal. However, the subsidiary that they formed, based on the, based on my materials at the law firm, which was Instant Live Concerts, was still a viable defendant at the time the case was remanded. Per footnote one of the order of the court. And so, what happened was, is that the Second Circuit ordered a discovery. And by the way, the claims for patent breach of fiduciary and duty and malpractice are based on the Cowan firm's defiance of the rules of practice before the patent office. The state law does not apply to their services on my, of prosecution of my patents. In any regard, in the- Can I just ask- Yes, yes, your honor. Brief, and we're considering it carefully. The earlier panel sent back a claim, concluded that you had stated a claim, plausibly alleged that the law firm had used information given to them by you as part of a confidential attorney-client relationship to their own advantage, and that claim went back to the district court. And the district court has now determined that that claim is outside the statute of limitations. How did the district court make a mistake? Okay, I'm sorry, your honor. I, before I answer that question, I do want to tell you. Okay, the- Time is limited, so I'd focus on that question, because that's the first question we have to answer. Okay, the first question is, is that the statute of limitations, you're asking me, has the court applied the state statute of limitations instead of the statute of limitations for the services under the patent rules, okay? So- That's in your brief. You say that there are USPTO regulations that should apply and set the statute of limitations. That's correct. Not New York state law. That's correct. The statute of limitations that applies when an attorney moves to withdraw for a conflict of interest are under 37 CFR 11.1116, 10.40, 1.36B. The law firm must return your patent files. They must withdraw from all the applications they filed for you. This firm did not do that. They were not granted withdrawal by the patent office. The lawyers who filed the patent applications did not all join in the withdrawal notice, which is also required, and therefore, they moved to withdraw as to only one of the applications they filed. The other one expired, and they never continued work on the application from which they did not withdraw. And they were never withdrawn from the earlier application. In addition to which, the previous court, Judge Jones, found that on the misappropriation claim, the latest date that my material could have been misappropriated to Clear Channel and Instant Live Concerts was May 5th of 2003, which was the day that the Instant Live Concerts was announced in the New York Times magazine. This court found that the latest date that from which they were calculating the statute of limitations was July 2nd of 2002. They did not file law of the case. The court also found that the firm was only my lawyers for one month when the previous court, based on the Cowan's own papers, said they were my attorneys since January 2002, not as of May 10th of 2002. And they tried to unilaterally say they were no longer my attorneys on June 10th of 2002. After five weeks, this is just ridiculous. Well, thank you. The red light has gone on. We have your briefing. Okay. We will take, take- Can I just say one more thing, Your Honor? The state of my- We can have one more minute. One more minute. Okay. The attorneys for the Cowan firm are on the disciplinary committee and have been tampering with my bar files, ex parte, and got caught by the appellate division. Since this case was remanded to this court, there is no jurisdiction over me by the first department, the disciplinary committee. They, my, the Cowan firm went in there. This has been a smoke screen by Magistrate Pittman to deny me all the discovery that this court ordered. I got no discovery at all. I got no discovery of my federally mandated patent files. I got no amended complaint, including, because during the stay of appeal, my patent's issued during that time. And therefore, I had a right to refile my Rule 60B motion against Instant Live Concerts that was already still a defendant for patent infringement under paragraph 18 of the third amended complaint. And I had a right to move for breach of fiduciary duty against Legend Films that stole my patents, okay? I was denied all those rights and I never even got a hearing on the merits. Thank you. We'll take the matter under advisement. We understand your arguments with regards to the statute of limitations. Thanks for coming in today. Thank you so much for your consideration and for this long case. Thank you so much. Thank you.